CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**, <br><br> Plaintiff, <br><br> v. <br><br> **Y. Kim, LLC**, a California Limited Liability Company; and Does 1-10, <br><br> Defendants. | **Case No**. 2:20-cv-01390-PA-AGR <br><br> **First Amended Complaint For Injunctive Relief For Violations Of:** American's With Disabilities Act |

Plaintiff Orlando Garcia complains of Y. Kim, LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He also suffers from Cerebral Palsy. He has manual dexterity issues. He uses a wheelchair for mobility.

2. Defendant Y. Kim, LLC owned the real property located at or about 5166 E. Imperial Highway, Lynwood, California, in December 2019.

3. Defendant Y. Kim, LLC owns the real property located at or about 5166 E. Imperial Highway, Lynwood, California, currently.

4. Defendant Y. Kim, LLC owned Cork N Bottle located at or about 5166 E. Imperial Highway, Lynwood, California, in December 2019.

5. Defendant Y. Kim, LLC owns Cork N Bottle ("Store") located at or about 5166 E. Imperial Highway, Lynwood, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Store on December 27, 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

11. The Store is facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the plaintiff could not get his wheelchair Through most of the merchandise aisles because of boxes and merchandise displays that narrowed the clear passage width in numerous locations to anywhere between 21 and 27 inches in width. Some representative photos from the investigation that confirmed this ongoing practice:



First Amended Complaint                                             2:20-cv-01390-PA-AGR



13. Additionally, the sales counter was 42 inches above the ground, which created difficult and frustration for the plaintiff who sits in his wheelchair and has to reach his arms up higher and loses some visibility of his transaction due to the higher counter. The plaintiff greatly benefits from the wheelchair accessible height counters as 36 inches.

14. Here, there was a lowered section of counter that seems to have been useable at one time but has been converted by the store to be used as a display counter.

15. Thus, the only place where sales take place are across the higher, 42 inch sales counter:



16. The defendants have a practice and policy of failing to provide accessible paths of travel and sales counter surface to wheelchair users in the store.

17. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18. The barriers identified above are easily removed without much

difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

19. Plaintiff lives 20 minutes from the Store and is in this geographic area on a regular and ongoing basis. He will return to the Store to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Store and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

20. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth

again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.
   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. When a business provides paths of travel, it must provide accessible paths of travel.

24. Here, accessible paths of travel have not been provided.

25. When a business provides sales counters, it must provide accessible

sales counters.

26. Here, accessible sales counters have not been provided.

27. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

28. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

29. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**PRAYER**:

Wherefore, Plaintiff prays that this Court provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205.

Dated: June 8, 2020          CENTER FOR DISABILITY ACCESS

                             By: ___/s/ Russell Handy
                                 Russell Handy, Esq.
                                 Attorney for plaintiff